**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye St., NW, Suite 800<br>Washington, DC 20006,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTERS FOR MEDICARE &<br>MEDICAID SERVICES<br>7500 Security Boulevard<br>Baltimore, MD 21244,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 18-1734<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

1.  Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records relating to waivers from the requirements of Section 1903 of the Social Security Act that Defendant Centers for Medicare & Medicaid Services ("CMS") provided to the state of Colorado.

**JURISDICTION AND VENUE**

2.  Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3.  Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4.  CoA Institute is a 501(c)(3) nonpartisan government oversight organization that uses investigative, legal, and communications tools to educate the public about how government accountability, transparency, and the rule of law protect individual liberty and economic

opportunity. It regularly uses FOIA to request access to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the public.

5. CMS is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

6. By letter, dated May 21, 2018, CoA Institute sent a FOIA request to CMS seeking records evidencing whether CMS provided a waiver of the requirements of Section 1903 of the Social Security Act to any governmental entity in Colorado, including the Colorado Healthcare Affordability and Sustainability Enterprise ("CHASE"). Ex. 1. The request also sought all records submitted by any Colorado governmental entity in support of a waiver request. *Id.*

7. On May 24, 2018, CMS acknowledged receipt of the request and assigned it control number 052220187019 and PIN 6MFQ.

8. By letter, dated July 19, 2018, CMS responded to CoA Institute's FOIA request and included one three-page record as an attachment. Ex. 2. The letter did not state whether it purported to be a final determination letter, did not include appeal rights, and did not include Office of Government Information Services mediation rights, as required by the FOIA statute.

9. By email, dated July 23, 2018, CoA Institute asked CMS whether the July 19 CMS letter purported to be a final determination letter or if the agency was still conducting additional searches for responsive records. Ex. 3.

10. On July 24, 2018, in response to the email, CMS called CoA Institute on the telephone, and the parties discussed the request. CoA Institute explained to CMS that the record produced in response to Item 1 was not a complete response to that item and that the agency had not produced any records in response to Item 2 of the request. CMS agreed with CoA Institute

that the production was insufficient but refused to conduct additional searches. CMS stated that they considered the request closed.

11. The July 19 CMS letter is not a valid final determination. As such, CoA Institute has no obligation to file an administrative appeal.

12. CoA Institute has had no further communications with the CMS regarding this FOIA request.

## COUNT 1

### Violation of the FOIA: Failure to Comply with Statutory Deadlines

13. CoA Institute repeats all of the above paragraphs.

14. The FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B).

15. More than twenty (20) business days have passed since CMS received the FOIA request at issue in this suit.

16. CMS has not issued a valid final determination on the FOIA request at issue within the applicable FOIA time limits. *See Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013) (discussing the characteristics of a valid final determination letter). CMS therefore has failed to comply with the FOIA's statutory deadline to issue a valid final determination.

17. CoA Institute has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## COUNT 2

### Violation of the FOIA: Failure to Conduct an Adequate Search

18. CoA Institute repeats all of the above paragraphs.

19.     In response to a FOIA request, an agency must make "a good faith effort to a conduct a search . . . using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

20.     The agency must "make more than perfunctory searches and . . . 'cannot limit its search' to only one or more places if there are additional sources 'that are likely to turn up the information requested.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citation omitted).

21.     In doing so, the agency must "construe [the] FOIA request liberally" and design its search accordingly. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

22.     Here, CMS failed to conduct an adequate search because it did not identify all the existing records responsive to Item 1 of the request. And it did not produce any records responsive to Item 2 of the request, even though on the face of the record produced it is clear that CMS possesses such records. *See* Ex. 2 at 2 ("Upon review and consideration of the information formally provided to [CMS] on September 30, 2009 and January 8, 2010 . . .").

23.     Therefore, CMS failed to conduct an adequate search in response to the FOIA request at issue and has not produced all records responsive to the request.

## RELIEF REQUESTED

WHEREFORE, Plaintiff CoA Institute respectfully requests and prays that this Court:

a.      order CMS to conduct additional searches for records responsive to the FOIA request and make a final determination within twenty (20) business days of the date of the Order;

b.      order CMS to produce all responsive records promptly upon issuing a final determination;

c. award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. grant such other relief as the Court may deem just and proper.

Date: July 25, 2018

Respectfully submitted,

*/s/ R. James Valvo, III*
Lee A. Steven (D.C. Bar No. 468543)
R. James Valvo, III (D.C. Bar. No. 1017390)

CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
lee.steven@causeofaction.org
james.valvo@causeofaction.org

*Counsel for Plaintiff*